UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY VALAKOS,<br>    Plaintiff<br>v.<br>WALGREEN EASTERN CO., INC.,<br>    Defendant | Civil Action No. 3:23-cv-445<br><br>Filing Date: April 7, 2023 |

### NOTICE OF REMOVAL

The Defendant, Walgreen Eastern Co., Inc., (hereinafter "Walgreens" or "Defendant"), hereby petitions this Court for removal of this action from the Superior Court, Judicial District of New London, to the United States District Court for the District of Connecticut, pursuant to U.S.C. §1446 *et seq.* based on the following:

### BACKGROUND

1. On March 13, 2023, Plaintiff, Mary Valakos ("Plaintiff") filed a Complaint against the Walgreens in the Superior Court, Judicial District of New London, Docket No. KNL-CV23-6060780-S (the "State Court Action").

2. Walgreens has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

3. Attached hereto as Exhibit A are true and correct copies of the Summons – Civil, Complaint, Demand for Relief and Return of Service. These documents constitute all the process, pleadings, and orders filed in the State Court Action to date.

### TIMELINESS OF REMOVAL

4. Plaintiff served Walgreens with a copy of the Summons and Complaint on March 9, 2023. (See Exhibit A, Return of Service).

1

5. The removal of this action is timely having been accomplished within thirty (30) days of the date on which Plaintiff served Walgreens with a copy of the Complaint.

## VENUE

6. Under 28 U.S.C. §1441(a), the United States District Court for the District of Connecticut is the proper venue for removal because it embraces the place where this action is pending. 28 U.S.C. §§1441(a) and 1446(a).

## JURISDICTIONAL BASIS FOR REMOVAL

### Diversity Jurisdiction

7. Removal is appropriate under 28 U.S.C. §1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

8. Plaintiff is a citizen of the State of Connecticut. (See Exhibit A, Summons-Civil).

9. Defendant is incorporated in the State of New York, and at all relevant times, has had its principal place of business in the State of Illinois, where its corporate headquarters are located in Deerfield. Walgreens, therefore, is not and was not at the time of filing, a citizen of the State of Connecticut.

10. There is a reasonable probability that the amount in controversy in this action, excluding interest and costs, exceeds the sum or value of $75,000. In Plaintiff's Complaint, she seeks to recover lost wages, front pay, lost personal days, emotional distress, lost pension/retirement benefits, attorneys' fees and costs, and punitive damages. Based upon the nature of the damages Plaintiff seeks, the amount in controversy is surely in excess of $75,000, and it cannot be stated to a legal certainty that the value of Plaintiff's claims are below that amount. 28 U.S.C. §1332(a).

11.     Plaintiff is a citizen of Connecticut, whereas Walgreens is a citizen of New York and Illinois, so the citizenship of each Plaintiff is diverse from the citizenship of every Defendant. Accordingly, this Court has original jurisdiction under 28 U.S.C. §1332 based on complete diversity of citizenship. Moreover, the amount in controversy exceeds $75,000, thereby rendering the action subject to removal under 28 U.S.C. §1441.

## PROCEDURAL COMPLIANCE

12.     Defendant has complied with the procedural requirements for removal. In accordance with 28 U.S.C. §1446(a), Defendant has attached copies of all process, pleadings, and orders served upon them. (See Exhibit A). Concurrently with the filing of this Notice of Removal and pursuant to 28 U.S.C. §1446(d), Walgreens is filing with the Superior Court, Judicial District of New London, State of Connecticut, a "Notice of Filing of Notice of Removal of State Action to the U.S. District Court for the District of Connecticut," a copy of which is attached as Exhibit B. Walgreens is further serving on Plaintiff a "Notice to Adverse Parties of Removal of State Action to the U.S. District Court for the District of Connecticut," a copy of which is attached as Exhibit C.

## MISCELLANEOUS ISSUES

13.     By filing this Notice of Removal, Walgreens does not waive any defense that may be available to it, including, but not limited to, service, service of process, sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

Respectfully submitted,

**WALGREEN EASTERN CO., INC.,**

By Their Attorneys

*/s/ Shane R. Goodrich*
Shane R. Goodrich, Esq. (Fed. No. ct29755)
**MORGAN, BROWN & JOY, LLP**
200 State Street, 11th floor

Date: April 7, 2023

Boston, MA  02109
T: (617) 523-6666
F: (617) 367-3125
E: sgoodrich@morganbrown.com

## CERTIFICATE OF SERVICE

I, Shane R. Goodrich, hereby certify that, on the 7th day of April, 2023, I served a copy of the above pleading by email and first-class mail, postage prepaid, on:

James Sabatini, Esq.
Sabatini & Associates LLC
1 Market Square
Newington, CT 06111

 */s/ Shane R. Goodrich*
Shane R. Goodrich, Esq.

4